IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>     v.<br><br>JAMES D. LOUIE,<br><br>          Defendant. | Crim. No. 10-150 (JBS)<br>[Crim. No. 91-00016-1 (E.D. Pa.)]<br><br>**ORDER** |

    This matter came before the Court upon the petition of James D. Louie, by his attorney, David S. Rudenstein, Esquire, to terminate supervised release [Docket Item 3]; and

    The Court having considered the petition and the opposition thereto dated February 3, 2011 and February 9, 2011 (by AUSA Howard Wiener); and

    The Court finds as follows:

    1.    Petitioner James D. Louie was sentenced upon his plea of guilty in the Eastern District of Pennsylvania on September 12, 1994, to a term of imprisonment of 60 months on Count One and a concurrent term of imprisonment of 240 months on Count Three, to be followed by a term of five years of supervised release, concurrent on each Count.  These convictions arise from petitioner's role in a contract murder conspiracy that resulted in the death of a witness who was preparing to testify against a co-conspirator in an insurance fraud scheme, Robert Burke.

2.     The five-year period of supervised release began on or about June 1, 2008.  Supervision will end May 29, 2013.

3.     Petitioner previously applied for early termination of his supervised release which was denied by the Honorable Berle M. Schiller, U.S. District Judge for the Eastern District of Pennsylvania, on September 18, 2009 [United States v. James D. Louie, Crim. No. 91-16-1].  Subsequently, Petitioner's supervision was transferred to the District of New Jersey.

4.     The present petition seeks early termination of supervision pursuant to 18 U.S.C. § 3583(e).  The present Petition alleges that Petitioner was employed as a van driver until he retired on or about October 10, 2010 due to an apparent heart attack.  He presently performs various activities of community service and volunteer work, as needed, according to the Petition.  He has also honored his obligations under supervision and has complied with the Probation Department's rules and regulations as required, to the present time.

5.     He seeks termination of supervised release in order to allow him to marry his fiancé and to be able to travel within and outside the United States, noting that international travel is not possible while under supervision unless special permission is received and notification is given to each foreign destination on an itinerary.  Petitioner alleges that he is 69 years old and poses no threat to society.

    6.    Despite Petitioner's clear record while on supervised release for the past two and a half years, an earlier termination of supervision, before the five-year term is served, is not warranted.

    7.    Under 18 U.S.C. § 3583(e)(1), the Court may, after considering the factors set forth at Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

    8.    In the present case, Mr. Louie has not demonstrated significantly changed circumstances from the time of the denial of his earlier petition.  While he has had an apparent heart attack and ceased gainful employment, he is healthy enough to participate in community activities and is eager for international travel, so his health status is not an important factor to this decision.  Second, nothing in his supervised release prohibits his cohabitation or marriage to his fiancé, so any delay in marriage plans is a matter of personal preference, not mandated by his supervision.

9. The enormity of Mr. Louie's underlying criminal acts, including his participation in the contract killing of a federal witness and his underlying guilt of the insurance fraud scheme, demonstrates that this is one of the absolutely most serious federal crimes. According to AUSA Wiener, who obtained further information about Mr. Louie's crime from the former federal prosecutor who handled his case, the substance of Petitioner's crime may be summarized as follows:

> "An attorney named Robert Burke was involved in an insurance fraud along with defendant. The fraud involved phony accidents and real accidents with phony damages/injuries. There came a time when a woman, a single mother, agreed to testify against Burke and his co-conspirators. Defendant, who admitted his guilt pretrial, signed a cooperating plea agreement, and testified against Burke, told the jury that Burke wanted to have the witness killed, so defendant approached a person he knew named James Foley. Defendant told Foley that defendant had a problem and that he needed to have a woman killed. So Foley found the triggerman, Lebron, who for $1,000 agreed to, and did, kill the witness. Both Burke and Lebron received life sentences. The case was solved when Foley approached the U.S. Attorney's Office one day and confessed his involvement in this murder conspiracy." [Letter of AUSA Wiener Feb. 9, 2011 at 1-2.]

10. Had it not been for Mr. Louie's cooperation and testimony, the successful prosecution of Burke for the murder conspiracy may have been in doubt. While Mr. Louie was thus awarded a substantial downward departure for his cooperation, his 20-year sentence and five years of supervised release reflected

the seriousness of his involvement in this extreme crime of violence, notwithstanding his later cooperation with authorities.

    11. The presumption is that the sentencing judge intended for Mr. Louie to serve his full term of supervised release. He was an extremely dangerous individual, as shown by his own conduct. While the passage of time has hopefully changed Mr. Louie, and while his adherence to the rules of the Probation Department during the course of his supervision is noted, it is clear to this Court that the shortening of his term of supervised release to permit the luxuries of international travel would dis-serve the interest of justice. His victim, a single mother, was killed, with undoubtedly drastic lifelong consequences to her child or children. The contract killing of a federal witness does not evoke feelings of mercy or generosity in a sentencing court, even 20 years after the crime.

    12. The Court has also considered the need for this sentence, including its period of supervised release, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to provide the defendant with rehabilitative services, and all other factors under Section 3553(a)(1), (2), (4), (5), (6), and (7). On balance, no further reduction of Mr. Louie's sentence is warranted beyond the leniency originally shown to him as a cooperator when first sentenced in the Eastern District of Pennsylvania. To do

otherwise would be to understate the seriousness of the crimes, to lessen the deterrent impact of the sentence, to eliminate the protection of the community from any return to criminal ways, and to increase the disparity of sentences between this petitioner and his co-conspirators convicted of similar crimes.

WHEREFORE, IT IS this **16th** day of **February, 2011**, hereby

**ORDERED** the Petition to terminate supervised release shall be, and it hereby is, DENIED.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge